UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Glen Sergio Brace, Jr., | ) | C/A No. 5:16-cv-01633-MGL-KDW |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden, Lieber Correctional Institution, | ) | |
| Respondent. | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Glen Sergio Brace, Jr. ("Petitioner") is a state prison inmate serving a sentence entered on a guilty plea in York County, South Carolina. Pet. 1, ECF No. 1. He has submitted a Petition pursuant to 28 U.S.C. § 2254 asking this court to determine whether his allegedly enhanced sentence should be vacated as a result of the United States Supreme Court opinion in *Johnson v. United State*s, 135 S. Ct. 2551 (2015).[1] Petitioner acknowledges that he has not presented his present *Johnson* claim to any state court before submitting the § 2254 Petition now under review. ECF No. 1 at 5-9. The reason that he gives for not first presenting his claim to a state court is the

---

[1] The *Johnson* decision concerns certain sentences imposed by federal courts in matters prosecuted by the United States. Petitioner has not explained why he believes *Johnson* is applicable to his state sentence.

claim is based on recent case law that was not available to him during the time period for his direct appeal and that he is "blackballed" and prejudiced in state court because of his crime. *Id.* at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States

District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.     Discussion

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not exhausted his state remedies. With respect to his York County convictions and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*).  Such considerations should not be dispensed with lightly. Section 2254's exhaustion requirement provides:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B) (i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. Before a federal court may consider a habeas claim under § 2254, the petitioner must give the state court system "'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process . . . .'" *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (quoting from *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That "complete round" of appellate review also includes "discretionary review" such as the filing of a petition for writ of certiorari to the South Carolina Supreme Court seeking review of the dismissal of a PCR application. *Id.* at 448. In this regard, the South Carolina Supreme Court has specifically stated, *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (specifically addressing criminal and post-conviction relief appeals) that a litigant "shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error." However, as noted above, it does not appear from the allegations contained in the Petition that Petitioner filed either a direct appeal of his York County convictions and sentence to

the South Carolina state appellate courts or a Post-Conviction Relief ("PCR") application directed to the convictions in the York County Court of Common Pleas. As a result, the grounds for habeas relief raised in the Petition filed in this case have not yet been considered and addressed by courts of the State of South Carolina. This failure to exhaust available state remedies is fatal to this case.

If Petitioner failed to file a direct appeal within the time the permitted by South Carolina law, it is possible that he may be able to receive belated appellate review if a PCR court finds that the deprivation of the direct appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See*, *e.g.*, *Sumpter v. State*, 312 S.C. 221, 439 S.E.2d 842 (1994); *Sims v. State*, 313 S.C. 420, 438 S.E.2d 253 (1993); *Gossett v. State*, 300 S.C. 473, 388 S.E.2d 804, 805-07 (1990); *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986); *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). To seek a belated appeal, Petitioner should file a PCR application in the Court of Common Pleas for York County.[2] Petitioner can obtain PCR forms from the Clerk of Court for York County or from the South Carolina Attorney General's Office, whose mailing address is Post Office Box 11549, Columbia, South Carolina 29211.

If Petitioner files a PCR application that is later denied by the Court of Common Pleas for York County, he *must* then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under South Carolina Appellate Court Rule 227 and Section 17-27-100 of the South Carolina Code of Laws. Such review must be sought and completed by a state prisoner or else federal collateral review (under

---

[2] The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 through 17-27-160, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977).

either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

Because it is clear from the face of the pleadings in this case that Petitioner has several viable state court remedies (direct appeal, PCR, appellate review of PCR) that have not been fully utilized, this court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (federal habeas court should not retain the case on its docket pending exhaustion of state court remedies, but, absent special circumstances, should dismiss the petition); *Salama v. Virginia*, 605 F.2d 1329, 1330 (4th Cir. 1979) (same).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

June 17, 2016                                                                                     Kaymani D. West
Florence, South Carolina                                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).